■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MOORE, Appellant. [672 NYS2d 550] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal contempt in the first degree (Penal Law § 215.51 [b]), assault in the third degree (Penal Law § 120.00 [1]) and criminal contempt in the second degree (Penal Law § 215.50 [3]). He was acquitted of two counts of rape in the first degree and one count of unlawful imprisonment in the second degree. The charges arose out of the violation by defendant of an order of protection by punching his former girlfriend and engaging in sexual intercourse with her.

Defendant contends that County Court erred in allowing testimony of an uncharged crime and opinion testimony from a police officer. We agree that the court erred in allowing the victim to testify that defendant violated a prior order of protection by assaulting her on another occasion. We also agree with defendant that the court erred in allowing opinion testimony by a police officer, who was not qualified as an expert, that the victim's delay in reporting the assault is a common feature of domestic violence cases and is motivated by fear of the assailant (*see, Matter of Nicole V.,* 71 NY2d 112, 120; *see also, People v Ciervo,* 123 AD2d 393, 394; *People v Emick,* 103 AD2d 643, 654-655). Both errors, however, are harmless beyond a reasonable doubt (*see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from Judgment of Erie County Court, Perla, J.—Criminal Contempt, 1st Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.